

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2006

# Ramos v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5278

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Ramos v. Smith" (2006). *2006 Decisions.* Paper 954.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/954

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5278
_____

VICTOR RODRIGUEZ RAMOS,

Appellant,

v.

JOSEPH V. SMITH, WARDEN

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 04-cv-00249)
District Judge: Honorable R. Barclay Surrick
_____

Submitted Under Third Circuit LAR 34.1(a)
June 2, 2006

Before: SLOVITER, SMITH AND VAN ANTWERPEN, CIRCUIT JUDGES

(Filed June 5, 2006)

OPINION
_____

PER CURIAM

        Victor Rodriguez Ramos appeals from the District Court's order dismissing

his complaint for failure to exhaust administrative remedies.  For the following reasons,

we will affirm.

        The circumstances giving rise to Ramos' complaint occurred while he was

confined at the Federal Detention Center ("FDC") in Philadelphia, Pennsylvania, from June 2000 to February 2004.[1]  On or about January 28, 2002, Ramos was transferred from general population at the FDC to the Special Housing Unit ("SHU").

On April 1, 2002, Ramos filed six separate prison grievances requesting: (1) a return to general population; (2) access to the law library consistent with access provided to inmates in general population; (3) contact visits with his attorneys and family members; (4) permission to shave and get a haircut before court appearances; (5) the ability to exercise consistent with inmates in general population; and (6) the ability to listen to audiotapes provided by attorneys.  Each of these administrative grievances was denied.  The parties agree that Ramos did not appeal these denials.

In March 2004, Ramos filed his pro se complaint against the warden of the FDC, Joseph Smith, which was amended after counsel was appointed.  Ramos claimed that his detention in the SHU violated his rights to be free from unlawful punishment under the Due Process Clause of the Fifth Amendment and that his detention in the SHU violated his procedural due process rights under the Fifth Amendment.  Smith moved to dismiss, arguing that Ramos had failed to exhaust his administrative remedies.  In response, Ramos argued that he had relied on the representations of counsel who told him that his co-defendants' attorneys would handle the appeals from the denial of his administrative grievances.  Additionally, Ramos argued that because he is illiterate,

---

[1] Ramos is currently incarcerated at the United States Penitentiary in Allenwood, Pennsylvania.

2

"special circumstances" warranted excusing his failure to file appeals from the denial of his administrative grievances.[2]

The District Court dismissed the complaint with prejudice after concluding that Ramos had failed to exhaust his administrative remedies and that he was now procedurally barred from attempting to exhaust. Ramos timely filed a notice of appeal.[3]

The Prison Litigation Reform Act ("PLRA") requires that prisoners exhaust their administrative remedies before bringing suit. See 42 U.S.C. § 1997e(a). "In appropriate cases, failure to exhaust [administrative remedies] can be raised as a basis for a motion to dismiss." Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002). Furthermore, there is no "futility" exception to the administrative exhaustion requirement. See Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000).

Prisoners have twenty days following the date of an event to file an administrative remedy request. See 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the response, he has twenty days to appeal that decision to the regional director. See 28 C.F.R. § 542.15(a). The inmate can then appeal the decision of the regional director to the general counsel. See id. These time limits may be extended if an inmate

_____

[2] On appeal, Ramos raises additional arguments never raised in the District Court. We will not consider these new arguments because "[i]t is generally well established that failure to raise an issue in the District Court constitutes a waiver of that argument." Gass v. V.I. Tele. Corp., 311 F.3d 237, 246 (3d Cir. 2002).

[3] We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and our review is de novo. See Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2000).

3

demonstrates a valid reason for the delay.  See id.

The parties agree that Ramos failed to appeal the denial of his administrative grievances.  Therefore, the only issue is whether this failure can be excused.  As previously noted, Ramos gives two reasons why exhaustion should be excused:  (1) that his counsel misled him by stating an appeal from his administrative grievances would be filed on his behalf; and (2) that he is illiterate and was incapable of drafting his appeals on his own.  With respect to his illiteracy, the District Court correctly noted that the warden is required to give an illiterate inmate the assistance required to prepare and file an appeal.  28 C.F.R. § 542.16(b).  Ramos does not claim that he asked for and was refused assistance in filing his administrative appeals.  We agree with the District Court that this will not excuse his failure to exhaust.

We also agree with the District Court that Ramos' argument that counsel misled him into believing an administrative appeal was filed on his behalf does not warrant excusing the exhaustion  requirement.  First, only the inmate himself can appeal the denial of an administrative grievance even though an inmate is allowed to obtain assistance from outside sources.  See 28 C.F.R. § 542.16(a).  Obtaining attorney assistance is not a valid reason for exceeding the time limit to file an appeal unless the delay was caused by prison staff.  Id.  Furthermore, even after Ramos learned that an administrative appeal was never filed on his behalf, he did not, nor has he ever, sought an extension of time to file such an appeal.  While Ramos' administrative appeal could have been rejected as untimely, the administrative process sets forth a procedure for him to

4

appeal such a decision.  <u>See</u> 28 C.F.R. § 541.17(c).  Having not availed himself of this procedure, and because he never filed an administrative appeal, Ramos has not exhausted his claims and any attempt to appeal would be procedurally barred.

For these reasons, we agree with the District Court that Ramos failed to exhaust.  We will affirm the District Court order dismissing Ramos' complaint.